IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-166-GCM

| | | |
|---|---|---|
| GREGORY D. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL SAVAGE, | ) | **ORDER** |
| U.S. DEP'T OF JUSTICE, | ) | |
| BRIAN RYMIL, | ) | |
| U.S DEP'T OF HOUSING & | ) | |
| DEVELOPMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

I.     BACKGROUND

Plaintiff is a federal prisoner who was convicted in this District on multiple counts related to a fraud conspiracy against the United States which involved bank fraud, fraud against the U.S. Department of Housing and Urban Development, and money laundering. On September 3, 2014, the District Court, the Honorable Max O. Cogburn, Jr. presiding, sentenced Petitioner to a total term of 180-months' imprisonment and Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. (Criminal Case No. 3:10-cr-00260-MOC-DSC, Doc. No. 241: Judgment in a Criminal Case). As of May 18, 2015, the appeal is presently in the briefing stages before the Fourth Circuit. See United States v. Anderson, No. 14-4683 (4th Cir. Sept. 3, 2014).

In his complaint, Plaintiff contends that he entered into a contract with the Government in his criminal case which provided that statements made by Plaintiff would not be used against him

1

during his criminal prosecution. Plaintiff argues that after he entered into this "contract" the Government presented information he had provided to two grand juries which apparently led to the return of a bill of indictment and his eventual arrest and incarceration. Plaintiff contends that the defendants' actions have led to, among other things, violations of his Fourth Amendment right to be free from unlawful seizure; his Fifth and Fourteenth Amendment right to due process and Fifth Amendment right to be free from compelled self-incrimination; and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also pleads state law claims which include anticipatory breach of contract, false arrest and imprisonment, malicious prosecution, abuse of due process, negligence and gross negligence. Among his claims for relief, Plaintiff seeks compensatory damages in the amount of $2,000,000, and punitive damages in the amount of $3,000,000. (Civil Case No. 3:15-cv-166-GCM, Doc. No. 1: Complaint).

II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under

2

Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Although difficult to discern, Plaintiff appears to contend that the four named defendants conspired during his prosecution to violate his federal constitutional rights and various state law rights. Plaintiff's complaint, such as it is, is one that seeks damages based on alleged actions of federal employees, namely, assistant U.S. Attorney Michael Savage and Bryan Rymil, whom Plaintiff identifies as an agent with the U.S. Department of Housing & Urban Development. As such, Plaintiff's complaint is considered pursuant to Biven v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

As an initial matter the Court finds that Plaintiff's complaint against Defendants U.S. Department of Justice and the U.S. Department of Housing & Urban Development will be dismissed for failure to state a claim and for seeking damages against a defendant immune from such relief. These defendants are agencies of the federal government and are not amenable to suit unless there has been a waiver of sovereign immunity. See Loeffler v. Frank, 486 U.S. 549, 554 (1988) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

As a second observation, the Court notes that Plaintiff, while he was a federal pretrial detainee awaiting disposition of the criminal charges discussed above, filed three *pro se* civil rights complaints pursuant to 42 U.S.C. § 1983, and in each of those cases he was allowed to proceed *in forma pauperis*, and each of those cases were dismissed under the Prisoner Litigation Reform Act (PLRA) for failure to state a claim or for seeking relief against a defendant that was immune from relief. See 28 U.S.C. §§ 1915(e) and 1915A(b)(1), (b)(2). See (Gregory Darin Anderson v. Amit Patel, et al., No. 3:11-cv-601-RJC (W.D.N.C. Dec. 20, 2011) (dismissing under § 1915A(b)(1)); Gregory Darin Anderson v. Mecklenburg County Jail, FNU Dawkins, No. 3:12-

cv-67-RJC (W.D.N.C. June 6, 2012) (dismissing under § 1915(e)(2) for failure to state a claim); Gregory Darin Anderson v. Charlotte Mecklenburg Police Department, No. 3:12-cv-162-RJC (W.D.N.C. June 7, 2012) (dismissing complaint under § 1915A(b) for seeking monetary relief against defendant immune from such relief). In none of these cases did Plaintiff appeal and the time for doing so has long since expired. Because Plaintiff is seeking to proceed *in forma pauperis* in this present action, his complaint is governed by the PLRA which provides, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff cannot demonstrate that he is danger of imminent physical injury therefore he is required to pay the full $400 filing fee before his complaint may proceed and because he has tendered no funds with his complaint it will be dismissed.

Plaintiff's complaint will also be dismissed because any recovery of monetary damages would necessarily call into question the validity of his federal convictions, which, as previously noted, are still being challenged on direct appeal before the Fourth Circuit. See Heck v. Humphrey, 512 U.S. 477 (1984) (Supreme Court held that plaintiff may not bring action pursuant to § 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question).

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed against all defendants. 28 U.S.C. § 1915A(b)(1), (b)(2).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 4).

**IT IS FURTHER ORDERED** Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 27, 2015

*[Signature]*

Graham C. Mullen
United States District Judge